UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LANCE S. CAMPBELL, individually and d/b/a/ Advanced Appraisals, <br><br> Defendant. | No. 3:12-cv-259 <br><br> (Campbell/Shirley) |

## ORDER

In this negligence action, Defendant Lance S. Campbell has filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for a more definite statement under Rule 12(e). (See Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Docket No. 11).) Mr. Campbell (who does business as Advanced Appraisals) contends that three tort claims brought by Plaintiff Lehman Brothers Holdings, Inc. (LBHI) are barred by Florida's economic loss rule.[1] He also contends that the complaint does not give him proper notice of the nature of LBHI's claims against him. For the reasons set forth below, the motion is DENIED.

---

[1] Although the complaint was filed in federal court in Tennessee (the complaint alleges that Mr. Campbell resides in Tennessee), both parties analyze the claims under Florida law, apparently because the majority of events discussed in the complaint occurred in Florida.

## BACKGROUND[2]

In 2006, Defendant Lance S. Campbell, doing business as Advanced Appraisals, was hired by a mortgage lender to appraise two condominium units in Florida. He submitted two appraisal reports, and the mortgage lender issued two residential loans to borrowers purchasing the units.

After the mortgage lender issued the loans, Plaintiff Lehman Brothers Holdings, Inc. (LBHI) purchased the residential mortgage loans on the secondary mortgage market in reliance on the appraisal reports. In the Complaint, LBHI identifies the two loans by the borrower names, property addresses, and property valuations. LBHI also identifies the appraisal reports by the property name and the appraiser names.

Following LBHI's purchase of the loans, the loans went into default and LBHI suffered a "substantial [monetary] loss." (Compl. ¶ 15.) LBHI now claims that the losses were "the direct result of the substantial overvaluation of the Properties by Defendant, and/or Defendant's other misrepresentations of material fact." (Id. ¶ 16.) In its complaint, LBHI lists specific representations and warranties made by the Defendant. (See id. ¶¶ 9, 14.)

In an attempt to recover its losses, LBHI brought a complaint against Mr. Campbell, in which LBHI asserts three claims: (1) Negligence/Professional Negligence; (2) Negligent Misrepresentation; and (3) Negligence *Per Se*. LBHI does not assert a breach of contract claim, and it does not allege that it was in privity of contract with the Defendant when it purchased the

---

[2]The facts laid out in the Background section are taken from the complaint allegations, which the court must accept as true for purposes of analyzing Mr. Campbell's Rule 12(b)(6) motion to dismiss. Evans-Marshall v. Bd. of Educ., 428 F.3d 223, 228 (6th Cir. 2005).

loans.

## ANALYSIS

Motion to Dismiss

In his motion to dismiss, Mr. Campbell asks the court to dismiss LBHI's three negligence-based claims. He incorrectly relies on Florida's economic loss rule as the basis for dismissal.

"[T]he economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Tiara Condominium Association, Inc. v. Marsh & McLennan Companies, Inc., 110 So. 3d 399, 401 (Fla. 2013). The rule has, in the past, been applied to situations in which the parties were in privity of contract and the claims arose out of events covered by the contract. See, e.g., Indemnity Ins. Co. of N. Amer. v. American Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004), abrogated by Tiara, 110 So. 3d 399 (Fla. 2013).

Based on a series of Florida cases, such as American Aviation, LBHI contends, in its opposition to Mr. Campbell's motion to dismiss, that the economic loss rule does not apply because the parties are not in privity. LBHI is correct, but it need not go even that far in opposing Mr. Campbell's motion to dismiss. A recent (post-briefing) ruling by the Florida Supreme Court in Tiara Condominium Association, Inc. v. Marsh & McLennan Companies, Inc., 110 So. 3d 399 (Fla. 2013), substantially limited application of the economic loss rule by holding that the rule only applies in the product liability context. Id. at 400. In its ruling, the Florida Supreme Court "[c]orrect[ed] an 'unprincipled expansion' of the rule, [and] it receded from its holdings in prior cases[.]" Altenel, Inc. v. Millennium Partners, LLC, ___ F. Supp. 2d ___, 2013

3

WL 2363233 at *7 (S.D. Fla. Mar. 12, 2013) (quoting Tiara).

Whether under the "old" rule of law or the "new" rule of law (that is, regardless of whether the Tiara decision curtails or refines and clarifies earlier decisions), Mr. Campbell's motion fails. LBHI and he were not in privity. And Mr. Campbell may not use the rule to challenge LBHI's negligence claims, which arise out of a loan purchase and appraisal reports, not any product liability context.

The court recognizes that the parties completed briefing before the Tiara opinion was issued, so they did not have the opportunity to analyze the issues under the new authority. But the Tiara ruling is clearly applicable here. Because this case has nothing to do with product liability, the court denies Mr. Campbell's motion to dismiss.

Motion for More Definite Statement

Mr. Campbell moves in the alternative for "more definitive statements as to the dates of the causes of action set forth in the Complaint[.]" (Docket No. 11 at 1.) He also maintains that LBHI "fails to demonstrate the duty owed to [LBHI] since [LBHI] does not adequately show the relationship between [LBHI] and the Appraisals." (Id. at 9.) Mr. Campbell requests a more definite statement of "the chain of title of this loan, the date that this loan was purchased by [LBHI], and the amount that [LBHI] paid for such loans[.]"

Upon review of the Complaint, the court holds that LBHI has fulfilled its pleading duties under Rule 8. What Mr. Campbell requests is appropriate for discovery, but is not necessary for a complaint. The court denies Mr. Campbell's request, both for the reasons set forth in LBHI's opposition memorandum (Docket No. 13) and because, to the extent any clarity was needed, LBHI attached the specific appraisal reports to its opposition to the motion to dismiss. (See Exs.

4

A & B to Docket No. 13.)

SO ORDERED this 10th day of July, 2013.

BY THE COURT:

*[signature: Tena Campbell]*

TENA CAMPBELL
U.S. District Court Judge